# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENN D. SMITH, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:09 CV 110 LMB |
| JIM BONNER, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the Petition of Plaintiff Glenn D. Smith, originally filed in the Circuit Court of Scott County. (Document Number 1). Currently pending before the court is plaintiff's Motion to Remand Case to State Court. (Doc. No. 8). Defendants have filed a Response. (Doc. No. 9).

Defendants Jim Bonner and Scott County, Missouri removed this action from Scott County, Missouri, on August 10, 2009, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. In Count I of the Petition, plaintiff alleges a civil rights claim pursuant to 42 U.S.C. § 1983. Specifically, plaintiff claims that defendants were deliberately indifferent to his serious medical needs when they failed to provide medical care on a timely basis in the Scott County, Missouri jail. In Count II of the Petition, plaintiff alleges a negligence claim against defendants based upon defendants failure to provide timely and adequate medical treatment.

In his motion to remand, plaintiff argues that there is no diversity of jurisdiction, as Defendant Jim Bonner "was employed by Scott County, Missouri and is a private individual." (Doc. No. 8).

Defendants have filed a Response, in which they note that they did not remove this matter from state court based upon diversity of citizenship jurisdiction. Defendants state that they removed this action pursuant to federal question jurisdiction. Defendants note that plaintiff alleges in his Petition that defendants failed to provide medical care on a timely basis in violation of due process and other fundamental rights guaranteed by the Eighth and Fourteenth Amendments; plaintiff claims that he is entitled to relief and damages pursuant to 42 U.S.C. § 1983; and plaintiff claims that he is entitled to reasonable attorney fees under 42 U.S.C. § 1988.

The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). Removal based on federal question jurisdiction is governed by the well-pleaded complaint rule. Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d 772, 779 (8th Cir. 2009). That rule provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). In determining whether a claim arises under federal law, courts must be "mindful that the nature of federal removal jurisdiction -- restricting as it does the power of the states to resolve controversies in their own courts -- requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (internal citation omitted). Removal statutes are therefore strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction. Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "Because this well-pleaded complaint rule makes the plaintiff the master of the claim, the plaintiff may avoid federal jurisdiction by exclusive reliance on state law." Id.

(internal citation and quotation marks omitted).  Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."  Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000).

Here, in Count I of his Petition, plaintiff alleges a civil rights action pursuant to 42 U.S.C. § 1983.  As such, it is clear from the face of the Petition that this claim arises under federal law and this court has jurisdiction over the claim.  The state law negligence claim plaintiff asserts in Count II is closely related to Count I, such that it is part of the same case or controversy.  Thus, this court has supplemental jurisdiction over Count II under 28 U.S.C. § 1367.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand Case to State Court (Doc. No. 8) be and it is **denied**.

Dated this   22nd   day of October, 2009.

                                                  /s/ Lewis M. Blanton
                                                  LEWIS M. BLANTON
                                                  UNITED STATES MAGISTRATE JUDGE